IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMIE R. EDMONDSON                                                              PLAINTIFF

v.                          Civil No.   15-5074

OFFICER TAYLOR ELKINS                                                           DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff, Jamie Edmondson, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before me on a motion to dismiss (Doc. 11) filed on behalf of the Defendant, Officer Taylor Elkins of the Arkansas State Police. The Plaintiff filed a response to the motion (Doc. 15). The motion is now ready for decision.

**Background**

According to the allegations of the complaint, Edmondson contends that Elkins maliciously charged him with three felonies, one for an insulin syringe with insulin in it, one for a bottle of urine, and one for "some cold medication" belonging to another passenger in the car. Edmondson argues that the items could have been field tested; that Elkins had "ill will towards" Edmondson and "knew that by doing so would violate [his] parole." (Doc. 1, p. 4-5). Edmondson is suing Elkins in his both his official and personal capacity for compensatory and punitive damages. (Doc. 1, p. 6).

**Discussion**

Elkins contends that the case is subject to dismissal because the complaint fails to state a claim upon which relief can be awarded. Specifically, Elkins states that: (1) the malicious prosecution claim does not allege a constitutional injury; (2) Officer Elkins in his official capacity

-1-

should be dismissed because he is not subject to suit under § 1983; and, (3) Officer Elkins is entitled to qualified immunity.

Edmondson has responded to the motion and states that his "freedom was taken away due to Officer Elkins unprofessional conduct" and that he feels that it "violates [his] constitutional rights in some way."[1]

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

It is clear, that "Section 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution. The Constitution does not mention malicious prosecution . . . [and] malicious prosecution by itself is not punishable under § 1983 because it

---

[1] In Plaintiff's response, he requests a 30 day continuance so that he can obtain an attorney. If Plaintiff would like to pursue his request for an attorney, he is directed to file a separate motion.

does not allege a constitutional injury." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001)(citations omitted).

Elkins also argues, and the Court agrees, that any claim against him in his "official capacity" should be dismissed. "A suit against state employees in their official capacities is the functional equivalent of a suit against the State. . . . Section 1983 provides no cause of action against agents of the State acting in their official capacities." Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012)(citations omitted).

Finally, Elkins argues that the he is otherwise entitled to qualified immunity. According to the United States Supreme Court in Harlow v. Fitzgerald, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). Where a defendant seeks qualified immunity, a ruling on that issue should be made so that the cost and expenses of trial are avoided where the defense is dispositive, Saucier v. Katz, 533 U.S. 194 (2001), because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. According to the Eighth Circuit Court of Appeals, qualified immunity triggers a three-prong inquiry:

> (1) whether the plaintiffs have asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiffs, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.

Burnham v. Ianni, 119 F.3d 668, 673 -674 (8th Cir. 1997)(en banc).

Because Edmondson has failed to set forth a clear violation of a constitutional right, Elkins is entitled to qualified immunity.

**Conclusion**

For the reasons stated, I recommend that the motion to dismiss (Doc. 11) be granted and all claims against Elkins be dismissed. Plaintiff's claims are frivolous and are subject to dismissal under 28 U.S.C. § 1915A(b). The dismissal of this action counts as a strike under 28 U.S.C. 1915(g).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE